UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATSON NAVIGATION COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VENN CORPORATION DBA HAWAIIAN ISLANDS,<br><br>Defendant. | Case No. 18-cv-06677-HSG<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 22 |

Pending before the Court is Plaintiff Matson Navigation Company, Inc. ("Matson")'s motion for default judgment against Defendant Venn Corporation DBA Hawaiian Islands ("Venn"). Dkt. No. 22 ("Mot."). The Court held a hearing on this motion on August 1, 2019, after which Plaintiff submitted supplemental information concerning Plaintiff's principal place of business and state of incorporation. *See* Dkt. No. 27. After careful consideration, the Court **GRANTS** the motion.

## I. BACKGROUND

Plaintiff alleges that Defendant breached a shipping services agreement by refusing to pay for the shipping services rendered by Plaintiff. *See* Dkt. No. 1 ("Compl."). To date, Defendant has neither filed an answer nor other responsive pleading. On March 6, 2019, the Clerk of Court entered default as to Defendant. *See* Dkt. No. 16. Plaintiff thereafter filed the pending motion for default judgment.

## II. LEGAL STANDARD

After entry of a default by the clerk, a party may move for default judgment. *See* Fed. R. Civ. P. 55. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). As a preliminary matter, a district

court must confirm that it has subject matter jurisdiction over the action, personal jurisdiction over the defendant, and that service of process was adequate. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999); *Disney Enters., Inc. v. Vuong Tran*, No. 12-5030 SC, 2013 WL 1832563, at *1 (N.D. Cal. May 1, 2013). After finding these threshold matters met, a court next considers whether the following factors ("the *Eitel* factors") support an entry of default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

In considering these factors, a court takes all factual allegations in a plaintiff's complaint as true, except for those relating to damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). And relief granted under a default judgment is always limited by Federal Rule of Civil Procedure 54(c), in that the judgment "shall not be different in kind or exceed in amount that prayed for in the [complaint]."

## III. DISCUSSION

### A. Jurisdiction

Before entering a default judgment, a court has "an affirmative duty to look into its jurisdiction" over the subject matter of the action and the parties involved. *Tuli*, 172 F.3d at 712. Plaintiff here asserts that the Court has diversity jurisdiction over this case and specific personal jurisdiction over Defendant.

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is complete diversity of citizenship between the opposing parties. 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Here, Plaintiff has its principal place of business and is incorporated in Hawaii,[1] Defendant has its principal place of business and is

---

[1] Plaintiff initially argued that for purposes of evaluating diversity jurisdiction the Court should look to its parent company, Matson Inc., which has its principal place of business and is

2

incorporated in Virginia, and the amount in controversy far exceeds $75,000. Compl. ¶¶ 5–6; Dkt. No. 27. Thus, the parties are diverse, and Plaintiff has established that the Court has subject matter jurisdiction.

The Court also has specific personal jurisdiction over Defendant. The complaint asserts that personal jurisdiction exists because, among other reasons, Defendant consented to jurisdiction in this district through a forum-selection clause included in the various bills of lading. Compl. ¶ 8; Dkt. No. 22-4 ("All suits and legal proceedings . . . shall be brought in the United States District Court for the Northern District of California . . . ."). Consent is a well-established ground for exercising personal jurisdiction over a non-resident defendant. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) (holding that "because the personal jurisdiction requirement is a waivable right, there are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of the court") (internal quotation marks omitted). And a forum-selection clause is by itself sufficient to establish consent and confer personal jurisdiction. *SEC v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007). Finally, forum-selection clauses are presumed valid, even in default judgment cases. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances"); *Craigslist, Inc. v. Kerbel*, No. C–11–3309 EMC, 2012 WL 3166798, at *6 (N.D. Cal. Aug. 2, 2012) (finding personal jurisdiction based on forum-selection clause where defendant failed to appear).

Here, the bills of lading provided that the parties consented to all related actions being brought in the U.S. District Court for the Northern District of California. Compl. ¶ 8; Dkt. No. 22-4. And although Defendant did not manifest consent to the individual forum-selection clauses

---

incorporated in Hawaii. *See, e.g.*, Compl. ¶ 5 ("Plaintiff Matson Navigation Company, Inc. is a wholly owned subsidiary of Matson, Inc., a Hawaiian corporation with its principal place of business located in Honolulu, Hawaii."). "The general rule," however, "is that in a suit involving a subsidiary corporation, the court looks to the state of incorporation and principal place of business of the subsidiary, and not its parent." *Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 775 (9th Cir. 1992) (internal quotation marks omitted). Plaintiff's supplemental briefing clarified the proper entity's state of incorporation and principal place of business. *See* Dkt. No. 27.

with a signature, the Ninth Circuit has held that parties are bound to such clauses in bills of lading. *See Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254–55 (9th Cir. 2005) (explaining that a party that accepts a bill of lading becomes bound by it, including with respect to forum-selection clauses). The forum-selection clauses in this action are thus prima facie valid and the burden shifts to any party disputing the validity of the clause to prove that the clauses are otherwise unenforceable. *See M/S Bremen*, 407 U.S. at 10. And where, as here, the Defendant has not appeared but the clauses appear reasonable, they may be enforced as a basis for personal jurisdiction. *See Craigslist, Inc.*, 2012 WL 3166798, at *6.

### B. Adequacy of Service

The Court next considers whether procedural prerequisites, including adequate service of process, have been met. *See, e.g., PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). And as is relevant here, Federal Rule of Civil Procedure 4 provides that a corporation may be served by delivering relevant material to an agent "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Here, Plaintiff identified Defendant's agent for service of process as listed in the Commonwealth of Virginia State Corporation Commission, and served the agent with notice of the application for default judgment on April 2, 2019.[2] *See* Dkt. No. 23. Thus, Plaintiff has fulfilled the procedural requirements for obtaining default judgment against Defendant.

### C. *Eitel* Factors

Next, the Court evaluates the merits of the default judgment request based on the seven *Eitel* factors. *See Eitel*, 782 F.2d at 1471–72. First, because Defendant has not appeared in this action, Plaintiff would be prejudiced absent a default judgment because it would have no "other recourse for recovery." *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Second, Plaintiff's substantive claim of breach of contract is meritorious, based on the documents submitted by Plaintiff. Third, the complaint is sufficient because it adequately alleges all elements of the causes

---

[2] Although Venn Corporation previously filed a Certificate of Dissolution with the State Corporation Commission of Virginia, *see* Compl. ¶ 12, dissolution under Virginia law does not "[t]erminate the authority of the registered agent of the corporation." Va. Code Ann. § 13.1-906(B)(6).

4

1 of action. Specifically, there existed a contract under which Defendant agreed to procure shipping services from Plaintiff and to pay for the services upon receipt of bills of lading. *See* Compl. ¶¶ 13, 20; Dkt. No. 22-3 ("Daniels Decl.") ¶¶ 3–4. Plaintiff sufficient alleges its full performance under the contract. *See* Compl. ¶¶ 15, 21–22; Daniels Decl. ¶ 9. Plaintiff also alleges that Defendant breached the contract by failing to pay for shipping services reflected on sixty-five bills of lading received from Plaintiff. *See* Compl. ¶¶ 16, 23; Daniels Decl. ¶ 10. And Plaintiff has been damaged by the amount of the unpaid bills of lading. *See* Compl. ¶¶ 17, 24; Daniels Decl. ¶ 12. Fourth, the sum of money at stake—$445,442.03 based on the total amount owed on the bills of lading, and $99,440.90 in prejudgment interest calculated based on the dates payments became due—is reasonable. *See* Compl. ¶ 17; Mot. at 6; Cal. Civ. Code § 3289 (providing that in the absence of a stipulation to the contrary, "the obligation shall bear interest at a rate of 10 percent per annum after a breach."); Daniels Decl. Ex. F (detailing the prejudgment interest calculations); *Bd. of Trs. of the Clerks v. Piedmont Lumber & Mill Co.*, No. C 10-1757 MEJ, 2010 WL 4922677, at *5 (N.D. Cal. Nov. 29, 2010) (finding sum of money at stake reasonable because "damages Plaintiff seeks are proportionate to the harm Defendant caused, are justified under the [contract], and are properly documented"). Fifth, given that Defendant has not appeared in this lawsuit and Plaintiff's claims are well-documented, there is little possibility of a dispute over material facts. Sixth, default was not due to excusable neglect, as Defendant was properly served. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect where defendant was "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion"). Seventh, while the strong policy of deciding cases on their merits weighs against a default judgment, deciding the case on the merits would be difficult given that Defendant has not participated in the case.

//
//
//
//
//

## IV. CONCLUSION

The Court finds that Plaintiff has met the requirements to obtain a default judgment and **GRANTS** the motion in the amount of $445,442.03, plus $99,440.90 in prejudgment interest, for a total judgment of $544,882.93. The Clerk is directed to enter judgment in favor of Plaintiff and close the file.

**IT IS SO ORDERED.**

Dated: 8/6/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge